May it please the court. My name is Beau Brindley and I represent the defendant appellant Joel Rivas. Mr. Rivas appeals the district court's decision to limit trial counsel's cross-examination of a fingerprint expert for the government such that the expert could not be confronted with specific instances in which his methodology failed. In this case that was particularly an error and a problem because of the specific nature of the experts testimony. During the testimony the expert for the government stated that based on his methodology he was absolutely certain and that's a quote that these were the prints of certainty stated by an expert would be to point out to that expert and confront that expert with a report of which he was aware about a very notable case in which decorated members of his field used his methodology and the methodology produced flawed and completely inaccurate results. By not allowing... What rule of evidence are we dealing with here? What we're dealing with rule of evidence? Yes, what rule of evidence are we dealing with here? I think we're dealing with... Did the district court rule the evidence inadmissible under rule 702 or was it excluded as cumulative and excessive under rule 403 or was some other rule in place? Both of both were cited by the government at the time your honor and I can't say for certain as I stand here which provided the district court's ultimate basis whether it's... I certainly didn't see in the district court's opinion any conclusion that this would be inadmissible under rule 702 and had the defense put on an expert who wanted to testify to the weaknesses of the methodology I assume that would have been admissible. This looks to me like a rule 403 exclusion but your brief never cites rule 403 and you never discussed the standard of Your honor, I don't see anything in the court's opinion that cites rule 403 as the particular... I may be missing something but I don't I don't specifically recall that as being cited as the basis. What our appeal is brought on is on the basis of the Confrontation Clause of the United States. He has a right to can effectively cross-examine and confront the witness and when the witness makes the decision to say I'm absolutely certain and that witness at the same time knows of a report and a case when his methodology failed then the only way to effectively cross-examine him on that is to present him and confront him with that specific finding and that specific report. Why would an anecdote matter? It's like saying you have a witness who says I was sure I was driving at a safe speed. I'm very confident of that and you then propose to cross-examine him by showing that on some other occasion someone else had an automobile accident. Why would that even tend to undermine the testimony that on this occasion he was driving safely? Well first of all I think it's different as an expert witness because of the degree of certainty and and the respect that jurors automatically give expert witnesses but with respect even to the person who's driving the car if he says I'm absolutely certain that this that I was driving at the speed limit and you can show well on three other occasions you thought you were certain of the same thing and you got it wrong. No, the evidence that was excluded in this case had to do with what some other, an error some other person had made. Using the exact same methodology, right. Exactly, but you agree that you couldn't in a tort case cross-examine one person by saying somebody else on a different occasion caused an accident. If it was a lay witness I agree. When it's a expert witness who's using a specific methodology that's being challenged and that expert witness acknowledges that he knows about a report showing that his methodology that he's saying is absolutely certain failed then I don't think that's the same at all Judge, respectfully I don't think that's the same at all. Of course he was cross-examined and admitted that the fingerprint analysis wasn't a hundred percent reliable. He also admitted it was possible that two partial prints weren't a match. So the bottom line is you were able to cross-examine him on that point and he admitted it so you got to the evidence that you really wanted to present it just didn't come in as part of the Mayfield situation. Trial counsel was able to do that cross-examination your honor's describing. I think that the statement that the witness was absolutely certain was ultimately exacerbated and the problem made more difficult by the closing argument the government in which they went through this argument saying that fingerprint analysis has been used over the years all these times by the courts and suggesting an infallibility. I think that exploited the inability to challenge that infallibility with the Mayfield case. Thank you. Okay, thank you Mr. Brindley. Ms. Cecilla. May it please the court my name is Erica Cecilla and I represent the United States. The district court did not violate the defendant's Sixth Amendment right to confrontation and rather exercised its broad discretion in limiting the cross-examination of the limitation did not prevent the jury from evaluating the expert witnesses testimony. The expert testified as to his methodology in this case how he employed that methodology and its limitations and as as the court just pointed out defense counsel was allowed to cross-examine the expert at length about the limitations of the methodology and elicited that partial prints of two misidentification and that fingerprint analysis is not 100% foolproof. According to defense counsel those statements were those goals those statements were the goals of the cross-examination on the Mayfield line and those goals were accomplished through defense counsel's cross. There was also no violation of the defendant's Sixth Amendment rights right to confrontation because the testimony sought was largely immaterial and marginally relevant. As the court noted these were specific details that were sought to be elicited about another case a different fingerprint examiner who was applying the same methodology and came to a different result. To allow defense counsel to go into the specifics of the Mayfield case would have undoubtedly added length to the trial and and potentially introduced confusion for the there was no error in this case but had there been an error it's harmless given the overall strength of the government's case against the defendant. Here the jury heard evidence tying this defendant to the storage unit where the drugs and the gun the guns were recovered including two former drug customers of the defendant one of which testified that he gave the gun in question the nine millimeter where the fingerprint was recovered from to the defendant to settle a drug debt and the defendant himself in fact testified that he had that he was tied to the unit had done drug deals with these two particular drug customers marijuana admittedly by the defendant he did not admit to cocaine deals but nonetheless admitted to being a drug dealer with these customers and was at the unit on a daily basis. For all those reasons the district court did not abuse its or excuse me did not abuse its discretion in but in limiting the cross-examination there was no Sixth Amendment right to confrontation error and unless the court has further questions we would ask that you affirm the jury's conviction and the sentence in this case. Thanks Miss Cicilla. Mr. Brindley you want another minute? With respect to the question of whether there was indeed error while some cross-examination was allowed in light of the totality of the evidence and the government's argument with respect to sort of the infallibility of fingerprint analysis I think it made it the case that effective confrontation required the presentation of Mayfield case. In terms of harmlessness if the court deems that there was error pursuant to Van Arsdale what must be done is we must assume the full potential of the cross-examination that was excluded. In that case that would be regarding the fingerprint analysis and I don't think there's any sense in which one could say the verdict would be undisturbed with any confidence in the situation where the fingerprint evidence wasn't part of this case. It was a fundamental and probably the most important part of the case. So with that So is it your argument that the fingerprint evidence should have been excluded? No your honor only that only that the expert should have been confronted with the specific facts about the Mayfield case in response to his absolute certainty and confidence in his methodology. Well was any evidence introduced concerning the reliability of fingerprint evidence? There was cross-examination on the reliability of fingerprint evidence. Trial counsel did not present the defendant's own fingerprint expert to discuss it. Presumably there are statistics on the accuracy of fingerprint evidence. There are your honor. I mean suppose there's a one in a thousand chance that this fingerprint evidence was invalid. That wouldn't affect the outcome would it? If there was a one in a thousand chance that the fingerprint evidence in this case was invalid, it might in the mind of a particular juror depending on what the statistics are. That wouldn't make sense. One in a thousand is still in my opinion that would be a more significant probability than I would be comfortable with as a juror but other jurors may have a different position. No one would be convicted on that right? Yeah that's what I'm saying. That's the position I'm trying to advance your honor. Thank you. So you were appointed? No your honor I was retained by Mr. Regas's family. Well we thank you anyway. Thank you your honor. So our last case for argument is Ohio National Life Insurance Company versus Davis.